**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc. No. 07- |
| POLMOS, S.A. ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged bank fraud and forgery.

EVIDENCE SOUGHT:

The Polish authorities seek information from the Delaware Secretary of State's Office and a corporation that may reside in Delaware. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ David L. Hall
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 11/13/07

*Sworn translator of English and Russian*
*Małgorzata Żabicka, MA*
*ul. Szkolna 5 m. 12*
*16-315 Lipsk*

**Translation from the Polish language**

PR VI 841-775/07/P

Warsaw, April 24th, 2007

**I Dsn Oz 129/07/I**

*Oblong stamp:*
District Public Prosecutor's Office
in Warsaw
Department of Preliminary Proceedings
ul. Chocimska 28
00-791 Warsaw

**REQUEST**
**for legal assistance in a criminal case**

Regional Public Prosecutor's Office Warszawa Wola supervises preliminary proceedings number 6 Ds 584/06/IV in case of submission on June 16th, 2006 in Warsaw, ul. Kasprzaka 10/16, with BGŻ S.A. of forged bank guarantee 1431/06 for EUR 11,844,000.00 issued by Jyske Bank A/S, for the purpose of purchase of the receivables due to BGŻ S.A. from Szczecińska Wytwórnia Wódek "Polmos" S.A., i.e. crime under article 297 paragraph 1 of the Criminal Code.

In the course of the preliminary proceedings, the representative of Bank Gospodarki Żywnościowej Spółka Akcyjna (BGŻ S.A.), Tadeusz Piela, was interrogated, who testified that on June 12th, 2006, "Sasky dvur" s.r.o. based in Cesky Tesin in the Czech Republic placed an offer with the aforementioned bank, regarding purchase of receivable due to BGŻ S.A. from Szczecińska Wytwórnia Wódek "Polmos" S.A. under the credit agreement number 272/30/B/K/98/15, dated June 5th, 1998.

According to the aforementioned offer and the documents enclosed thereto, "Sasky dvur" has assets for purchase and modernization of technological lines, current assets and bank guarantee to secure the payment of excise duty. The assets allegedly came from the investor, "InterCultural Corporation Donau-Dnepr" of Wilmington, Delaware in the United States of America. To confirm it, the company issued the investor's letter, informing that the General Meeting of Shareholders resolved on financing "Sasky dvur". Additionally, the following have been enclosed to the invoice: copy of the bank guarantee, granted by Jyske Bank A/S and copies of the bank's Swifts.

Information about the reservation of assets for the process of "Polmos" S.A. privatization has been signed by Ewa Wielochowska – President of the **"InterCultural Corporation Donau-Dnepr" 711 Centerville Road, Suite 400, Wilmington, Delaware 18808, Reg███ ID Number ███**

In consideration of the fact that the bank guarantee document has not been presented in its original copy, BGŻ S.A. decided to check its authenticity.

Jyske Bank sent a statement in which it denied being the issuer of the aforementioned document.

*Translation from Polish*

1/6

The witness claimed that prior to placement of the offer concerned, a man contacted him personally and on the phone, claiming to be Franciszek Nowak, President of the Board of Directors of "Sasky dvur", informing him that his company plans to privatize "Polmos". In consideration of the fact that in the course of the preliminary proceedings there occurred a need to conduct proceedings with personal participation of Ewa Wielochowska, I hereby respectfully apply for legal assistance in this case, by way of interrogation of Ewa Wielochowska as a witness, after prior advising her about article 233 paragraph 1 of the Criminal Code, article 183 paragraph 1 of the Code of Criminal Procedure.

In the course of interrogation of Ewa Wielochowska, please establish the following circumstances:

1. what is the object and scope of business of "InterCultural Corporation Donau-Dnepr",
2. what is the function of the witness in the authorities of "InterCultural Corporation Donau-Dnepr", since when,
3. when did "Sasky dvur: s.r.o. apply to "InterCultural Corporation Donau-Dnepr" for reservation of funds for purchase of receivables due to BGŻ S.A. from Szczecińska Wytwórnia Wódek "Polmos" S.A. under the credit agreement number 272/30/B/K/98/15, dated June 5th, 1998, and further privatization of Szczecińska Wytwórnia Wódek "Polmos" S.A.,
4. how did "InterCultural Corporation Donau-Dnepr" receive the bank guarantee allegedly issued by Jyske Bank A/S and where is the original of the guarantee concerned now (please secure the document pursuant to article 217 of the Code of Criminal Procedure and the decision on handing over of property enclosed hereto),
5. does the witness know Franciszek Nowak – if so, what are the relationship between them,
6. what are the interrelations of "Sasky dvur: s.r.o. and "InterCultural Corporation Donau-Dnepr" of Wilmington, Delaware, United States of America.

Please record the witness interrogation in writing.

Deputy District Public Prosecutor
in Warsaw
Ryszard Pęgal

*Oblong stamp:*
Deputy District Public Prosecutor
in Warsaw
Zbigniew Ordanik
*(-) signature illegible*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* District Public Prosecutor's Office in Warsaw *2*

Attachments:
- Decision on handing over of property
- Excerpt from the criminal law

*Translation from Polish*

2/6

EXCERPT

- **from the Criminal Code – June 6th, 1997 (Journal of Laws No. 88, August 2nd, 1997, item 553, amended)**

## Article 101
**Paragraph 1.** An offense will cease to be punishable upon the expiration of the following periods from the time of its perpetration:
1) 30 years – if the deed is a crime of homicide;
2) 20 years – if the deed is another crime;
2a) 15 years – if the deed is the crime liable to imprisonment exceeding 5 years;
3) 10 years – if the deed is the crime liable to imprisonment exceeding 3 years;
4) 5 years – in case of other offenses;

## Article 233
**Paragraph 1.** Any person, who giving testimony to serve as the evidence in any litigation or other proceedings conducted pursuant to the Law, gives false evidence or conceals the truth, will be liable to imprisonment up to 3 years.

## Article 297
**Paragraph 1.** Any person who in order to obtain for him/herself or for another person, from a bank or entity conducting similar business pursuant to the law, or from entity or institution having public assets at its disposal - a credit, bank loan, surety, guarantee, letter of credit, subsidy, subvention, confirmation by bank of liability resulting from surety or guarantee or similar benefit for a given business purpose, electronic payment instrument or public procurement, submits document that is forged, altered, certifying untrue information, or unreliable document, or unreliable written statement relating to circumstances essential for the obtaining of such financial assistance, payment instrument, or public procurement, will be liable to imprisonment of 3 months to 5 years.

- **from the Code of Criminal Procedure – June 6th, 1997 (Journal of Laws No. 89, August 4th, 1997, item 555, amended)**

## Article 183
**Paragraph 1.** A witness may decline to answer a question if such an answer could expose the witness or a person closest to him/her to the liability for a crime, or fiscal crime.

## Article 217
**Paragraph 1.** Objects that may be the evidence in the case, or are subject to seizure for the purpose of securing financial penalties, financial criminal means, or claims for damage repair should be released on demand of the court, or prosecutor, and in urgent cases – also on demand of the Police or another authorized body.

**Paragraph 2.** Any person holding objects subject to release will be asked to release the same voluntarily.

## Article 219
Paragraph 1. For the purpose of finding, or detaining, or effecting compulsory appearance of the suspect, and for the purpose of finding objects that may constitute evidence in a case, or

*Translation from Polish*



are subject to seizure in criminal proceedings, a search of premises and other places may be executed, provided there are reasonable grounds to suppose that the suspect or the mentioned objects are to be found there.

Duly Authenticated

*Oblong stamp:*
Prosecutor
of the District Public Prosecutor's Office
in Warsaw
Lidia Mucha

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* District Public Prosecutor's Office in Warsaw *2*

---

*Oblong stamp:*
Regional Public Prosecutor's Office
Warszawa Wola
ul. Powstańców Śląskich 67c
01-355 Warsaw

6Ds. 584/06/III

Warsaw, March 13th, 2007

**Decision**
**on request of handing over of the property**

Justyna Szetelnicka – assessor of the Regional Public Prosecutor's Office Warszawa Wola, having examined the files of case number 6 Ds. 584/06/III regarding submission on June 16th, 2006 in Warsaw, ul. Kasprzaka 10/16, with BGŻ S.A. of forged bank guarantee 1431/06 issued by Jyske Bank A/S, for the purpose of purchase of the receivables due to BGŻ S.A. from Szczecińska Wytwórnia Wódek "Polmos" S.A., i.e. crime under article 297 paragraph 1 of the Criminal Code
pursuant to article 217 §§ 1 and 2, and article 219 § 1 of the Code of Criminal Procedure

decided

1. to request from **Ewa Wielochowska – President of "InterCultural Corporation Donau-Dnepr" 711 Centerville Road, Suite 400, Wilmington, Delaware 18808, Reg ▆▆▆ ID Number ▆▆▆▆** to hand over the original document bank guarantee granted by Jyske Bank A/S for purchase of receivables due to Bank BGŻ S.A. from from Szczecińska Wytwórnia Wódek "Polmos" S.A. under credit agreement number 272/30/B/K/98/15 dated June 5th, 1998,
2. in case of refusal to hand over the requested document, to search the premises occupied by "InterCultural Corporation Donau-Dnepr" to find and secure the aforementioned guarantee.

Justification

Regional Public Prosecutor's Office Warszawa Wola supervises proceedings under article 297 § 1 of the Criminal Code, to secure bank guarantee issued by Jyske Bank A/S for the purpose of purchase of the receivables due to BGŻ S.A. from Szczecińska Wytwórnia Wódek "Polmos" under credit agreement number 272/30/B/K/98/15 dated June 5th, 1998, that may constitute evidence in case
It was decided as first above

*Oblong stamp:*
Assessor
Justyna Szetelnicka
*(-) signature illegible*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription:* Regional Public Prosecutor's Office Warszawa Wola

*Translation from Polish*

5/6

**Instruction:**
The decision may be appealed against by the persons, whose rights have been violated. The appeal will be submitter with the superior prosecutor, through the prosecutor that issued the decision, within a deadline of 7 days after receipt of the decision copy. After that date, the appeal will be ineffective (articles 122 and 460 of the Code of Criminal Procedure).

Order:
Serve the copy of the decision to:
- Ewa Wielochowska

*Oblong stamp:*
Assessor
Justyna Szetelnicka
*(-) signature illegible*

*Rep. No. 560/2007*
*Lipsk, 16th May 2007*
*I, Małgorzata Żabicka, sworn translator*
*of the English and Russian languages, hereby*
*certify that the above text is an accurate*
*translation of the original document in Polish.*

*Translation from Polish*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM POLAND )
IN THE MATTER OF ) Misc No. 07-
POLMOS, S.A. )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Poland, which procedures may be specified in the request or provided by the Polish authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2007.

_____
United States District Court Judge